**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MICHAEL O'GRADY, et al.,

Plaintiffs,

v.

DEPARTMENT OF THE ARMY, LOUIS CALDERA, Secretary of the Army, et al.,

Defendants.

00 CV 1727 DDA/SRN

**ORDER**

---

On July 21, 2000, the Plaintiff Michael O'Grady filed the above-entitled action in this Court naming as defendants thirteen officials of the Northern Michigan University; five officials of the Michigan Department of State Police; four officials of Marquette County, Michigan; seventeen officials of the United States Army; and four law firms and attorneys. The Plaintiff O'Grady purports to include as Plaintiffs the United States Government, State of Wisconsin, City of Milwaukee, State of Michigan, City of Detroit, and Service Member Group Life Insurance Corporation.[1]

The Complaint alleges nine counts under the Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). The Complaint also alleges a claim under the "Posse Comitatus Act" citing 18 U.S.C.A. § 1385. On August 5, 2000, the Plaintiff Michael O'Grady filed an addition to the Complaint adding as a defendant an employee of the United States District Court for the Western District of Michigan–Northern Division and asserting an additional count under RICO.

---

[1]O'Grady commenced a virtually identical action against twenty-two of the same defendants in the United States District Court for the Western District of Michigan on January 11, 2000 (Case No. 2000-CV-05). The action was dismissed with prejudice by Order of Judge Robert Bell on August 30, 2000.

O'Grady commenced an action in the United States District Court for the Western District of Wisconsin against many of the same defendants on essentially the same facts as alleged in this action (Case No. 99-C-0383-C). That action was dismissed by Order of Judge Barbara Crabb on December 15, 1999.

FILED SEP 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

On August 30, 2000, Plaintiff O'Grady filed with the Clerk a Motion for a Preliminary Injunction. It appears from the file and the attachment to the Motion, that the Plaintiff O'Grady is a Captain in the United States Army Reserve and is the subject of an involuntary separation proceeding. A Memorandum dated August 12, 2000, from the Department of the Army attached to the motion states that a "separation board" is to consider the case of Captain Michael S. O'Grady on September 23, 2000. The Motion for a Preliminary Injunction seeks an order of this Court "prohibiting this unlawful and unconstitutional depravation from occurring" and ordering "defendants and those agents acting on behalf of the defendants" to appear in court to "show cause."

The standard for the issuance of a preliminary injunction in the Eighth Circuit is set forth in *Dataphase Systems, Inc. v. CL Systems, Inc.* 640 F.2d 109, 113 (8th Cir. 1981). It is as follows:

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Based upon its review of the file and the materials submitted by the Plaintiff O'Grady, the Court finds that irreparable harm to the movant has not been established and is not likely to occur. The normal and customary military administrative procedures are and will be available to him. It appears that the Department of the Army is proceeding in a routine manner in conducting such procedures as it deems appropriate under its authority. Substantial harm would befall the military were the Court to intervene in its proceedings and the conduct of official military business.

The judiciary is to be reluctant to interfere in military affairs:

> [J]udges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Nieszner v. Mark*, 684 F.2d 562, 565 (8th Cir. 1982) (quoting *Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S. Ct. 534, 539, 97 L.Ed. 842 (1953)).

The probability of the Plaintiff O'Grady ultimately prevailing in his suit for injunctive relief against the seventeen members of the United States Army is remote at best. Finally, the public interest does not require the interference of the judiciary in the orderly conduct of the affairs of the military.

The materials submitted in support of the "Motion for Preliminary Injunction" are totally devoid of the showing required under *Dataphase* to invoke the authority of the Court to issue an injunction under Rule 65 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that the motion of the Plaintiff Michael O'Grady for preliminary injunction be, and the same hereby is, in all things DENIED.

DATED: September 13, 2000.

DONALD D. ALSOP, Senior Judge
United States District Court