**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MICHAEL O'GRADY, et al., 00 CV 1727 (DDA/SRN)

Plaintiffs,

v.

**ORDER**

DEPARTMENT OF THE ARMY,
LOUIS CALDERA, Secretary
of the Army, et al.,

Defendants.

---

On September 1, 2000, Plaintiff Michael O'Grady filed with this Court a "Petition/Writ of Mandamus" wherein O'Grady requests the Court to order a Writ of Mandamus under Title 28 U.S.C.A. § 1361 "compelling Department of the Army Secretary Louis Caldera, Lieutenant General W. Tangney, Brigadier B. Bingham, and Colonel W. McCoy to obey and afford Plaintiff all rights and privileges guaranteed under due process provisions, U.S. Constitution, law, military law, and amendments to the U.S. Constitution." In support of the petition, Plaintiff O'Grady alleges that Defendant Mark Nyvold and others acting in their official capacity as United States Army Reserve Officers "collected information, interviewed witnesses, conducted investigations, entered personal/confidential files, and now fraudulently charge Plaintiff with allegations of violating law and US Army regulation and cause action to involuntarily discharge Plaintiff from US Government service." Specifically, Plaintiff requests the Court to order the Department of the Army to proceed in seven different respects, all as set forth in the petition. Included in the file is a Department of the Army memorandum announcing that a "separation board to consider the case of CPT Michael S. O'Grady is scheduled for 23 September 2000."

From the limited materials submitted in support of the petition, it would appear that the Department of the Army is in the process of considering some form of separation of Captain Michael S. O'Grady as a reserve officer in the Department of the Army and that the hearing thereon is scheduled as indicated above. Plaintiff O'Grady requests a Writ of Mandamus:

> to prevent irreparable injury from unlawful involuntary discharge as US Government military employee and to be afforded all Fourteeneth and other amendments to the Constitutional rights and protections and be afforded Equal Protection under the law.

FILED SEP 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court reviews the petition keeping in mind the long held tradition within the federal courts that relief by way of mandamus is unusual and granted only in special circumstances.

> It had been usual doctrine, and is still true today, that relief in the nature of mandamus is available only to compel performance of a duty that is essentially ministerial. It is not granted as a matter of right but only in the sound discretion of the trial court when the grounds are clear and the reason compelling.

12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3134 (2d ed. 1997) (citations omitted).

The Court further takes notice of the traditional reluctance of the judiciary to interfere in military affairs.

> [J]udges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Nieszner v. Mark*, 684 F.2d 562, 565 (8th Cir. 1982) (quoting *Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S. Ct. 534, 539, 97 L.Ed. 842 (1953)).

The Eighth Circuit in *Nieszner v. Mark* sets forth the criteria to obtain judicial review of military decisions as follows:

> First, a plaintiff challenging an internal military decision must allege a violation of the Constitution, a statute, or military regulation, and *demonstrate exhaustion of intraservice remedies*.

684 F.2d at 563 (emphasis added); *see also Ballenger v. Marsh*, 708 F.2d 349, 350-1 (8th Cir. 1983) ("Generally, administrative remedies must be exhausted before a denial of corrective action can be reviewed in federal court.").

It is clear from the materials presented by the Plaintiff that not only has he not exhausted intraservice remedies, the service has not yet made the decision which he ultimately seeks to challenge. The Court does not intend to micro manage the procedures to be undertaken by the military and if, in fact, the conduct of which the Plaintiff complains does occur, there are appropriate procedures for him to challenge any military decision in the proper forum and at the proper time.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Petition for a Writ of Mandamus is in all things DENIED.

DATED: September 13, 2000.

DONALD D. ALSOP, Senior Judge
United States District Court